CENTRAL VICTORIA, INC., Plaintiff and Appellee, *v.* WILLIAM P. KRAMER, CHIEF OF INSULAR FORESTRY SERVICE, Defendant and Appellant.

No. 4677. Argued July 16, 1928.—Decided December 24, 1928.

*Attorney General James R. Beverley, Assistant Attorney General R. A. Gómez* and *Deputy Attorney General F. Janer Arias* for the the appellant. *Coll y Cuchí & Cruzado Silva* for the appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

The appellee Central Victoria Inc. moved this court to dismiss the present appeal because the appellant did not affix to the notice of appeal at the time of filing it or subsequent thereto the internal revenue stamp for $5 required by section 6 of Act No. 17 of 1915. The motion is accompanied by a certificate of the clerk of the district court which shows that the stamp for $5 was not affixed or delivered by the appellant.

In arguing the motion the appellee contended that Kramer was not exempt from the payment of the fees of the schedule; that within this injunction proceeding this court has held that Kramer could not defend himself behind the shield of The People of Porto Rico in order to perform the acts charged against him, and that the expression "Chief of the Forestry Service" was a *descriptio personae,* citing the doctrine laid down in *Nazario* v. *Santos,* 27 P.R.R. 83; *Paz* v. *Santos,* 30 P.R.R. 860, and other cases.

In opposition to the motion to dismiss the defendant was represented by the Attorney General of Porto Rico, the Assistant Attorney General and the Deputy Attorney General. They filed a brief contending that defendant Kramer acted in the name and as an official of The People of Porto Rico and the government is not obliged to pay for the internal revenue stamps.

In *Central Victoria* v. *Kramer,* 35 P.R.R. 168, a recital is made of the facts before this court. It was an action brought by the Central Victoria charging defendant Kramer with trespassing upon the property of the plaintiff and praying for an injunction to restrain him from committing those acts. It was alleged in the complaint that the defendant contended that the property in question belonged to The People of Porto Rico and was under his custody as Chief of the Forestry Service of Porto Rico. The Attorney General of Porto Rico appeared before the trial court and attacked its jurisdiction,

it being an action against The People of Porto Rico without its consent to be sued. The court was of that opinion and rendered judgment accordingly. That judgment was reversed by this court, which held that the complaint imputed tortious acts to W. P. Kramer committed on the plaintiff's property; that the mention of his official title was nothing more than a *descriptio personae,* and that the alleged possession by the plaintiff in the case falls within the series of decisions which do not furnish protection to an agent by reason of the fact that he is an officer.

But in the present case we are still ignorant of what took place in the proceeding. Did it appear from it that Kramer committed certain acts on his own account or as an officer of The People of Porto Rico? Were the acts committed by Kramer within the scope of his office or outside of it? This information is not obtained from the motion of the appellee, or from the opposition to the motion, or from the defense of the appellant. Under these circumstances it would be risky to rule as requested. The appellee may repeat its motion when we have before us the record of the appeal.

The motion to dismiss is overruled.